# EXHIBIT 2
# COMPLAINT

# EXHIBIT 2
# COMPLAINT

Electronically Filed
6/22/2019 1:48 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130
702-258-1183 ph /702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff
*Courtney Imrie*

CASE NO: A-19-797245-C
Department 20

## DISTRICT COURT

## CLARK COUNTY, NEVADA

***

| | |
|---|---|
| COURTNEY IMRIE,<br><br>                    Plaintiff,<br><br>vs.<br><br>HACHIMAN, LLC, a domestic limited liability company; and, PALOMINO CLUB, LLC, a domestic limited liability company,<br>                    Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**Arbitration Exemption: action seeking equitable or extraordinary relief.** |

COMES NOW PLAINTIFF COURTNEY IRMIE, by and through her counsel, James P. Kemp, Esq., and Victoria L. Neal, Esq., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendants as follows:

### JURISDICTION ALLEGATION

1. This is a civil action for damages brought by COURTNEY IMRIE ( herein "Plaintiff") against her former employers, HACHIMAN, LLC and PALOMINO CLUB, LLC, to redress 1) their discriminatory treatment in violation of the Americans With Disabilities Act of 1990 (herein

1

"ADA") as amended in January 2009, 42 U.S.C.A § 12101 *et seq.*; and 2) their violations of the Family and Medical Leave Act of 1993, as amended (herein "FMLA"), 29 U.S.C. § 2601 *et seq.*

2. On or about September 29, 2017, Plaintiff filed an unperfected Charge with the United State Equal Employment Opportunity Commission (herein "EEOC") for discrimination based on disability.

3. On or about October 3, 2017, Defendants were notified that Plaintiff had filed an unperfected Charge for discrimination based on disability.

4. Plaintiff signed the formal "Charge of Discrimination," on or about December 19, 2017.

5. On March 28, 2019, the EEOC issued Plaintiff a "Notice of Right to Sue." Plaintiff received that notice approximately three business days later. Plaintiff is filing this suit within the requisite 90 days of receipt of that Notice.

6. Plaintiff has fully complied with all prerequisites under the Americans With Disabilities Act of 1990 (herein "ADA") as amended in January 2009, 42 U.S.C.A § 12101 *et seq.*, and Nevada state statutes to pursue these claims in this Court.

7. Plaintiff timely files all claims.

8. The claims are in excess of $15,000.

## PARTIES

9. Plaintiff is resident of Clark County, Nevada and was at all relevant times mentioned herein an employee at the Defendants' place of business in Clark County, Nevada.

10. Defendant HACHIMAN, LLC, is a domestic limited liability company, was and still is a corporation authorized to do business in County of Clark, State of Nevada.

11. Defendant HACHIMAN, LLC, has continuous and ongoing business operations in the state of Nevada and Clark County, engages in an industry affecting commerce, and employed more than 500 employees in the two calendar years preceding the events in question.

12. Defendant HACHIMAN, LLC, is an employer for purposes of the American with Disabilities Act of 1991 as amended in January 2009.

2

13. Defendant HACHIMAN, LLC, is an employer for purposes of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*.

14. Defendant PALOMINO CLUB, LLC, is a domestic limited liability company, was and still is a corporation authorized to business in County of Clark, State of Nevada.

15. Defendant PALOMINO CLUB, LLC, has continuous and ongoing business operations in the state of Nevada and Clark County, engages in an industry affecting commerce, and employed more than 500 employees in the two calendar years preceding the events in question.

16. Defendant PALOMINO CLUB, LLC, is an employer for purposes of the American with Disabilities Act of 1991 as amended in January 2009.

17. Defendant PALOMINO CLUB, LLC, is an employer for purposes of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*.

18. Collectively, Defendant HACHIMAN, LLC, and Defendant PALOMINO CLUB, LLC, are referred to as "Defendants." For purposes of the claims set forth herein, Defendants were joint employers acting directly or indirectly in the interest of the other employer in relation to Plaintiff

19. Defendants, as fictional business entities, can only operate by and through its agents, directors, officers, managers, supervisors, and employees. Therefore, wherever the identifying word Defendants is used in relationship to Defendants, it encompasses actions by and through its agents, directors, officers, managers, supervisors, and employees.

20. Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint.

21. Unless otherwise by way of right, Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained.

3

## FACTS COMMON TO ALL CLAIMS

22. Plaintiff was employed by Defendants on or about May 6, 2014, as a Bartender/Server.

23. Plaintiff was qualified for her position and performed her work at or above a level that Defendants had a reasonable right to expect at all times mentioned herein.

24. Plaintiff did not receive any verbal or written disciplinary action during her tenure of employment with Defendant until immediately prior to her termination/forced resignation signed on December 14, 2016, effective December 31, 2016.

25. In late August 2014, Plaintiff developed a noticeably rash that covered her arms, neck and face. Defendants' management, including Palomino Club Owner Adam Gentile (herein "Gentile"), negatively commented on her condition many times.

26. During the next several months, Plaintiff was required to undergo rigorous medical testing that occasionally required her to was absent from work or because of her advancing symptoms.

27. Plaintiff continued to develop symptoms and at a medical examination in March 2015 Plaintiff's physician found swelling in Plaintiff's neck, an enlarged thyroid gland, and that Plaintiff had trouble swallowing. Plaintiff was subjected to more medical testing that occasionally required her to be absent from work or was absent from work because of her advancing symptoms.

28. Plaintiff had discussions with Defendants' management about her medical examinations and the medical testing she was undertaking in order to determine the cause of the symptoms.

29. In April 2015, Plaintiff was diagnosed with thyroid cancer. Plaintiff verbally and in writing, via her physician's notes, informed Defendants of her diagnosis and treatment plan.

30. Plaintiff's thyroid cancer constituted a disability under the ADA because it substantially limited major life activities in that the cancer affected Plaintiff's major bodily functions including normal cell growth and her immune system which would be a lifelong residual effect of the medical treatment required to eradicate the cancer. As such, Plaintiff belongs to a protected class of persons.

4

31. Defendant did not engage in good faith in any interactive process to determine if a reasonable accommodation was available that would have allowed Plaintiff to continue performing the essential functions of her job.

32. On or about May 6, 2015, Plaintiff became eligible for leave under the Family Medical Leave Act having worked more the 1250 hours between May 6, 2014 and May 5, 2015.

33. Plaintiff remained eligible for leave under the Family Medical Leave Act having worked more the 1250 hours between May 6, 2015 and May 5, 2016.

34. Defendants employed more than 50 people within a 75-mile radius of Plaintiff's location.

35. Plaintiff was qualified to obtain leave under the Family Medical Leave Act in that she had a chronic serious health condition.

36. Defendants had been notified on numerous occasions of the reason for Plaintiff's absences including notification in May 2015 and July 2015.

37. Defendants did not discuss or offer Plaintiff leave pursuant to the FMLA thereby denying her benefits to which she was entitled.

38. On or about May 28, 2015 through June 21, 2015, Plaintiff was put off work by her physician for surgery. Plaintiff was cleared by her physician to return on June 21, 2015 doing light duty gradually increasing as tolerated. Defendant did not engage in good faith in any interactive process to determine if a reasonable accommodation was available that would have allowed Plaintiff to continue performing the essential functions of her job. Defendants did not discuss or offer Plaintiff leave pursuant to the FMLA thereby denying her benefits to which she was entitled.

39. On or about July 22, 2015, Plaintiff provided Defendants with a physician's note stating that she had a medical procedure related to her thyroid cancer and that she would be off work until August 1, 2015. Defendant did not engage in good faith in any interactive process to determine if a reasonable accommodation was available that would have allowed Plaintiff to continue performing the essential functions of her job. Defendants did not discuss or offer Plaintiff leave pursuant to the FMLA thereby denying her benefits to which she was entitled.

5

40. When Plaintiff was released by her physician, she returned to work only to have Palomino Club Owner, Adam Gentile (herein "Gentile"), make fun of her disability including the medical procedures she had endured. This included Gentile making fun of Plaintiff for a procedure she had undergone known as I-131 Radioactive Iodine therapy. RAI I-131 therapy causes the recipient to literally become radioactive. This procedure requires the recipient to be placed under strict isolation protocols for several weeks until the levels of radiation as within acceptable norms. Upon being released by her physician and returning to work, Gentile bought Plaintiff a multi-colored wig and bought himself a Geiger counter so he could test Plaintiff's radiation levels. Gentile found his treatment of Plaintiff amusing. Plaintiff was horrified that Gentile was so callous about her disability.

41. On or about August 4, 2016, Plaintiff fell ill again. She was put off work until August 6, 2016. Plaintiff provided a physician's note to Defendants.

42. Between August 2016 and the date of Plaintiff's termination, Defendants were provided physicians' notes each time Plaintiff was put off work. Defendants did not discuss or offer Plaintiff leave pursuant to the FMLA thereby denying her benefits to which she was entitled. Defendants did not engage in good faith in any interactive process to determine if a reasonable accommodation was available that would have allowed Plaintiff to continue performing the essential functions of her job.

43. Plaintiff was required to be off work from November 27, 2016 until December 5, 2016. Defendants did not discuss or offer Plaintiff leave pursuant to the FMLA and, thereby, denied her benefits to which she was entitled. Defendants did not engage in good faith in any interactive process to determine if a reasonable accommodation was available that would have allowed Plaintiff to continue performing the essential functions of her job.

44. On December 4, 2016, Plaintiff texted Gentile stating she heard that she was terminated. Gentile responded that Trudi Weller-Ashworth (herein "Weller-Ashworth") had not yet decided either way. Upon information and belief, Weller-Ashworth is the controller at the Palomino Club.

45. Plaintiff continued in text stating that she just found out her cancer is still there, but her new doctor believes he can take care of it. She also begged Gentile not to terminate her because if she lost her job she would lose her health insurance and then could not get her life saving surgery,

6

could not afford to go through with her preplanned move, and would be unable to do Christmas for her five children.

46. On or about December 7, 2016, Plaintiff was summoned into a meeting with Nanci Patterson (herein "Patterson") and Gentile, and was told that her shifts would be taken away if she was sick again.

47. Plaintiff informed Defendants that a second surgery was required to remove additional cancerous tissue and that she would need six weeks off beginning in February 2017. Defendants did not offer any alternative reasonable accommodations to Plaintiff's requested reasonable accommodation to be on leave for six weeks. Defendants did not discuss or offer Plaintiff leave pursuant to the FMLA thereby denying her benefits to which she was entitled.

48. Similarly situated individuals outside Plaintiff's protected class were treated more favorably than her. Other of Defendants' employees were given weeks of leave to address medical issues without suffering adverse employment consequences including Anna and Vanessa each who received 10 weeks for maturity leave, Allison, Mark, and a cocktail waitress who was on leave for four (4) weeks to have breast augmentation.

49. On or about December 12, 2016, Plaintiff was summoned to another meeting with Patterson and Gentile. Plaintiff was told she had two choices 1) resign with a small severance including continuing health insurance for three months, and that she was "eligible for rehire after getting her health issues taken care of;" or, 2) be terminated. Defendants did not engage in good faith in any interactive process to determine if a reasonable accommodation was available that would have allowed Plaintiff to continue performing the essential functions of her job. Defendants did not discuss or offer Plaintiff leave pursuant to the FMLA thereby denying her benefits to which she was entitled.

50. On December 14, 2016, Plaintiff signed a resignation form provided by Defendant with an effective date of December 31, 2016.

51. Defendants' reason for Plaintiff's termination/forced resignation, absences, was pretext and was because of her disability.

7

52. Plaintiff was terminated/forced to resign one-week after she informed Defendants of her need for a reasonable accommodation

### FIRST CAUSE OF ACTION:
### DISCRIMINATION IN VIOLATION
### OF THE AMERICANS WITH DISABILITIES ACT -
### FAILURE TO ACCOMMODATE

53. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

54. Defendants, and each of them, are liable to Plaintiff for violating her rights under the ADA.

55. As more fully detailed above, Plaintiff is a person with a disability pursuant to the Americans with Disabilities Act of 1990, as amended in January 2009, having thyroid cancer and the residual effects of lifelong autoimmune deficiencies.

56. As more fully detailed above, Plaintiff had a record of a qualifying ADA disability dating back to no later than April 2015 of which Defendant was well-aware.

57. As more fully detailed above, Defendants regarded Plaintiff as being disabled and had provided Plaintiff with an informal reasonable accommodation, of a modified work schedule and/or leaves of absence, for her qualifying ADA disability beginning as early as August 2014, but refused to formally provide the same requested accommodation after her formal request for an ADA accommodation in December 2016.

58. As more fully detailed above, Plaintiff was qualified for her job, was capable of performing the essential functions of her job with or without a reasonable accommodation, and had been performing her job with the informal reasonable accommodation of modified work schedule and/or leaves of absence until Defendants arbitrarily changed its mind and refused to formally accommodate Plaintiff's qualifying ADA disability in December 2016.

59. As more fully detailed above, Defendants denied Plaintiff's formal request and suggested reasonable accommodation, a modified work schedule and/or leave of absence, which would have

8

allowed Plaintiff to maintain her employment and benefits of employment. Defendants did not offer any reasonable accommodations in response to Plaintiff's formal request.

60. As more fully detailed above, Defendants failed to engage in an interactive process calculated to develop a reasonable accommodation for Plaintiff.

61. Plaintiff suffered an adverse employment action when Defendants terminated Plaintiff through a coerced resignation.

62. Defendants' acts constituted discrimination against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act as amended in January 2009.

63. Plaintiff suffered emotional distress, humiliation, and mental anguish.

64. Plaintiff suffered both economic and general non-economic damages as a direct and proximate result of Defendants' violation of the federal law.

65. Plaintiff has been required to hire an attorney and expend attorneys' fees and incur costs to pursue and protect her legal rights by this action.

66. Defendants' actions were taken with willful, wanton and reckless disregard of Plaintiff's rights under federal law. Plaintiff should be awarded Punitive and Exemplary damages against Defendants to make an example of Defendants and to deter future conduct of this nature.

**SECOND CAUSE OF ACTION:**
**DISCRIMINATION IN VIOLATION**
**OF THE AMERICANS WITH DISABILITIES ACT -**
**DISPARATE TREATMENT**

67. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

68. Defendants, and each of them, are liable to Plaintiff for violating her rights under the ADA.

69. As more fully detailed above, Plaintiff belonged to a protected class.

70. As more fully detailed above, Plaintiff was qualified for her position.

9

71. As more fully detailed above, Plaintiff suffered an adverse employment action including being terminated and/or forced to resign her position.

72. As more fully detailed above, similarly situation individuals outside Plaintiff's protected class were treated more favorably.

73. As more fully detailed above, Plaintiff suffered an adverse employment action when Defendants terminated Plaintiff through a forced resignation.

74. Defendants' acts constituted discrimination against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act as amended in January 2009.

75. Plaintiff suffered emotional distress, humiliation, and mental anguish.

76. Plaintiff suffered both economic and general non-economic damages as a direct and proximate result of Defendants' violation of the federal law.

77. Plaintiff has been required to hire an attorney and expend attorneys' fees and incur costs to pursue and protect her legal rights by this action.

78. Defendants' actions were taken with willful, wanton and reckless disregard of Plaintiff's rights under federal law. Plaintiff should be awarded Punitive and Exemplary damages against Defendants to make an example of Defendants and to deter future conduct of this nature.

### THIRD CAUSE OF ACTION:
### INTERFERENCE IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT

79. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

80. Defendants, and each of them, are liable to Plaintiff for violating her rights under the ADA.

81. As more fully detailed herein, Plaintiff was engaged in statutorily protected activity under the ADA in seeking a reasonable accommodation.

82. As more fully detailed herein, Plaintiff was engaged in the exercise of her rights as guaranteed under the ADA in seeking a reasonable accommodation for her disability.

10

83. As more fully detailed herein, Plaintiff suffered a distinct and palpable injury in giving up her ADA rights and from Defendants' threat to terminate her employment if she did not resign.

84. As more fully detailed herein, there is a causal link between Plaintiff's protected activity and the adverse employment actions.

85. Plaintiff suffered emotional distress, humiliation, and mental anguish.

86. Plaintiff suffered both economic and general non-economic damages as a direct and proximate result of Defendants' violation of the federal law.

87. Plaintiff has been required to hire an attorney and expend attorneys' fees and incur costs to pursue and protect her legal rights by this action.

88. Defendants' actions were taken with willful, wanton and reckless disregard of Plaintiff's rights under federal law. Plaintiff should be awarded Punitive and Exemplary damages against Defendants to make an example of Defendants and to deter future conduct of this nature.

## FOURTH CAUSE OF ACTION: INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

89. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

90. Defendants, and each of them, are liable to Plaintiff for violating her rights under the FMLA.

91. Defendants operate in interstate commerce and have over 50 employees within a 75 mile radius of the location where Plaintiff was employed in Clark County, Nevada. Therefore, Defendants are a "covered employer," as defined at 29 U.S.C. § 2611(4), under the Family and Medical Leave Act 29 U.S.C. §§ 2611-2654 and subject to all provisions stated therein.

92. As a "covered employer" under the FMLA, Defendants are required to offer any "eligible employee," as defined at 29 U.S.C. § 2611(2), up to 12 weeks of leave for of absence "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

11

93. As more fully detailed above, Plaintiff was an "eligible employee," entitled to the protections of the FMLA having worked for Defendants over 1250 hours during the preceding 12 months.

94. As more fully detailed above, Plaintiff was qualified to obtain FMLA in that she had a chronic serious health condition.

95. As more fully detailed above, Plaintiff provided sufficient notice of her need to take leave under the FMLA on many occasions including the last instances occurring in December 2016.

96. As more fully detailed above, Defendants interfered with Plaintiff's attempt to exercise her rights under the FMLA and terminated her employment so they could avoid those obligations.

97. Defendants' violation of the FMLA was willful and without justification.

98. Defendants' acts were done with malice and oppression and with Defendants' conscious disregard for the rights of Plaintiff and with a certainty of knowledge that Plaintiff would be injured by Defendants' act in violation of the FMLA.

99. Plaintiff is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 2617 (a)(1)(A) and (B) including, but limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendants' violation of the FMLA; liquidated damages as provided for under the FMLA; interest as provided for under the FMLA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the FMLA and/or front pay in lieu of employment or reinstatement.

100. Plaintiff is entitled to recover reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3) for having to incur costs associated with the exercise of her legal rights and remedies through this action.

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff expressly reserves the right to amend her Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands all applicable relief including, but not limited to:

12

A. All applicable relief provided for provided for by the Americans With Disabilities Act of 1990 as amended in January 2009, the Family and Medical Leave Act of 1993, and Nevada common law including, but not limited, to the following:

1. Money damages in excess of $15,000.00;
2. Economic damages including, but not limited to, lost wages and benefits of employment, incidental and consequential damages;
3. General damages including emotional distress and general economic harm;
4. Liquidated damages pursuant to the Family Medical Leave Act;
5. Nominal damages;
6. Punitive and/or Exemplary damages to deter Defendants from future malicious, fraudulent, and oppressive conduct of a similar nature;
7. Pre-judgment and post-judgment interest on the amounts awarded at the prevailing legal rate;
8. Equitable, extraordinary and/or injunctive relief in the form of an order reinstating Plaintiff to her position in accordance with the Americans with Disabilities Act;
9. For an additional amount to account for any increased taxes Plaintiff may be called upon to pay in relation to any award made herein;
10. Reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule;

B. A trial by jury on all issues that may be tried to a jury; and/or
C. For such other and further relief as the Court may deem just and proper.

Dated this 22nd day of June 2019.

/s/ Victoria L. Neal

13

JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130

Attorneys for Plaintiff
*Courtney Imrie*

14