JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130
702-258-1183 ph /702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff
*Courtney Imrie*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| COURTNEY IMRIE,<br><br>                    Plaintiff,<br>vs.<br><br>HACHIMAN, LLC, a domestic limited liability company;  and, PALOMINO CLUB, a domestic limited liability company,<br><br>                    Defendants. | Case No.: 2:19-cv-01556-GMN-BNW<br><br>**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION** |

Plaintiff, COURTNEY IMRIE, by and through counsel of records KEMP & KEMP, and Defendants HACHIMAN, LLC, and, PALOMINO CLUB, by and through counsel of record, KAMER ZUCKER ABBOTT, hereby request the Court enter the following Stipulated Protective Order Concerning Confidential Information.  This Stipulation is brought pursuant to and in compliance with Local Rule 7-1.

This matter comes before the Court on the parties' Stipulated Protective Order Concerning Confidential Information. Being fully appraised of the premises, the Court orders the following:

1

## I. PURPOSES AND LIMITATIONS.

Discovery in this action may involve the production of confidential or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to entry of the following Protective Order. The Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## II. "CONFIDENTIAL" MATERIAL.

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: ANY AND ALL DOCUMENTS that relate to, or reflect, regarding the scheduling or making of any appointments, cancelations or rescheduled appointments, medical records, invoices, bills, patient in-take forms, reports, correspondence, notes, written consultations, prescriptions, opinions, diagnosis, surgical recommendations, surgical procedures, surgical outcomes, in-patient procedures and/or out-patient procedures, procedures and/or treatment, referrals, ledger sheets, radiographic interpretation reports, laboratory reports pertaining to the medical and/or psychiatric or psychological care and treatment of Plaintiff.

## III. SCOPE.

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. If confidential material is produced by a third party, the parties in this litigation may designate the material as such by marking it confidential and providing the marked copy to the opposing party who will either (1) agree the material is confidential under the terms of this protective order or (2) inform the other party that it disagrees the material should be governed by the terms of this protective order, but nonetheless will treat the material as confidential for at least 30 days from notice of the confidentiality designation, to give the party desiring protection sufficient time to seek relief from the Court. Treatment of the material as confidential will continue until the Court resolves the issue.

**IV. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL.**

**A. Basic Principles.** A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**B. Disclosure of "CONFIDENTIAL" Material.** Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    1.    attorneys actively working on this case;

    2.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the

preparation for trial, at trial, or at other proceedings in this case;

3. the parties, including designated representatives for the Defendant;

4. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

5. the Court and its employees ("Court Personnel");

6. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

7. deponents, witnesses, or potential witnesses; and

8. other persons by written agreement of the parties.

**C. Filing Confidential Material.** Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. The parties acknowledge that this protective order does not entitle them to file confidential information under seal without complying with the standard articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), along with Local Rule 10-5.

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

4

## V. DESIGNATING CONFIDENTIAL MATERIAL.

**A. Exercise of Restraint and Care in Designating Material for Protection**. Each party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**B. Manner and Timing of Designations.** Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    1.    Information in documentary form (e.g., paper or electronic documents and deposition exhibits), but excluding transcripts of depositions or other pretrial or trial proceedings); the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion of the material

on a page qualifies for protection, the producing party also must clearly identify the protected portions(s) (e.g., by making appropriate markings in the margins).

2. Testimony given in deposition or in other pretrial or trial proceedings: It shall be presumed that any confidential material that is referred to, or marked as an exhibit, during any deposition shall remain confidential material. Any party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript or exhibits thereto as confidential material.

3. Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**C. Inadvertent Failures to Designate.** If corrected within 10 business days, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon notification within 10 business days of the correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**VI. CHALLENGING CONFIDENTIAL DESIGNATIONS.**

**A. Timing of Challenges.** Any party may challenge a designation of confidentiality within 10 business days. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**B. Meet and Confer.** The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith effort to meet and confer with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**C. Judicial Intervention.** If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Rule 26-7 (and in compliance with Local Rule 10-5 if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**VII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

7

**VIII. NONTERMINATION AND RETURN OF DOCUMENTS.**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and other discovery, to be retained for purposes of effectuating any judgment, or to be retained by either party as part of the complete client file.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or the court orders otherwise.

**\*\* REMAINDER OF PAGE LEFT BLANK INTENTIONALLY\*\***

## IX. ADDITIONAL RIGHTS

Nothing in this protective order will: (a) restrict any party with respect to its own material or discovery material that has not been designated confidential; (b) prejudice any party's rights to object to the production or disclosure of information, confidential or otherwise, it considers not subject to discovery; (c) restrict the proper scope of discovery that can be sought by any party; or (d) prejudice any party's right to seek relief from the terms of this protective order.

This protective order is without prejudice to the right of any party to seek a protective order, including moving the Court, pursuant to Fed. R. Civ. P. 26(c) or Local Rule 26-7, for an order seeking protection of confidential material sought by or produced through discovery, which protection is different from or in addition to that provided for in this protective order, and such right is expressly reserved. Similarly, each party reserves the right to request the Court to order disclosure of materials subject to this protective order or request modification of this protective order.

Dated this 27th day of May 2020                    Dated this 27th day of May 2020

/s/   Victoria L. Neal                              /s/   Dare E. Heisterman
JAMES P. KEMP, ESQ.                                R. TODD CREER, ESQ.
VICTORIA L. NEAL, ESQ.                             DARE E. HEISTERMAN, ESQ.
KEMP & KEMP                                        KAMER ZUCKER ABBOTT

Attorneys for Plaintiff                            Attorneys for Defendants
COURTNEY IMRIE                                     HACHIMAN, LLC
                                                   PALOMINO CLUB, LLC

**ORDER**

**IT IS SO ORDERED:**

Dated: 5/28/2020                       _____
                                       UNITED STATES MAGISTRATE JUDGE
                                       HONORABLE BRENDA WEKSLER